UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>**HERRING CREEK ACQUISITION COMPANY, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 14-15309-WCH |

**ORDER (I) APPROVING DISCLOSURE STATEMENT
WITH RESPECT TO PLAN OF REORGANIZATION OF HERRING
CREEK ACQUISITION COMPANY, LLC, (II) ESTABLISHING
VOTING RECORD HOLDER DATE, (III) APPROVING
SOLICITATION PROCEDURES, FORM OF BALLOT, AND
MANNER OF NOTICE, (IV) FIXING THE DEADLINE FOR
FILING OBJECTIONS TO CONFIRMATION OF THE PLAN,
<u>AND (V) SCHEDULING HEARING ON PLAN CONFIRMATION</u>**

This matter having come before the Court on the *Motion by Debtor and Debtor-In-Possession for Order (I) Approving Disclosure Statement With Respect to Debtor's Plan of Reorganization, and (II) Granting Related Relief* (the "Motion") [doc. no. 28] filed by Herring Creek Acquisition Company, LLC (the "Debtor"); and the Motion seeking, *inter alia*, approval pursuant to Section 1125 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") of the proposed *First Amended Disclosure Statement with Respect to Plan of Reorganization of Herring Creek Acquisition Company, LLC* (the "Disclosure Statement") [doc. no. 65] and approval of the proposed solicitation procedures in connection with confirmation of the *Plan of Reorganization of Herring Creek Acquisition Company, LLC* (the "Plan") [doc. no. 26]; and a hearing on the Motion having been held on February 27, 2015 (the "Hearing") to consider the Motion; and it appearing from the certificate of service on file with this Court that proper and timely notice of the Hearing had been given; and it appearing that such notice was adequate and sufficient; and all appearances at the Hearing having been duly noted on the record

1

of the Hearing, and, upon the Motion, the Disclosure Statement and the record of the Hearing and all of the proceedings before the Court and after due deliberation and sufficient cause appearing; and it appearing that no party-in-interest will be prejudiced hereby, it is

**ORDERED, FOUND AND DETERMINED THAT:**

1. Pursuant to Section 1125(b) of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) the Disclosure Statement is approved as containing adequate information within the meaning of Section 1125 of the Bankruptcy Code, and (b) to the extent not withdrawn, settled or resolved, all objections to the Disclosure Statement are overruled.

2. The Disclosure Statement and the Motion are hereby approved.

3. For voting purposes and for the purpose of the mailing of notices and Solicitation Packages (as defined below), February 27, 2015, shall be the "Record Holder Date" for the holders of Claims.[1]

4. The Ballot attached as <u>Exhibit B</u> to the Motion (the "Ballot") is hereby approved.

5. All creditors, except for creditors holding the following claims, shall be entitled to vote on the Plan: (a) Claims that are subject to a pending objection on the Voting Deadline (defined below), if the creditor received notice of the objection at least ten (10) days before the Voting Deadline, (b) Claims listed as contingent, unliquidated or disputed on the Debtor's Schedules, and as to which no proof of claim has been filed by the bar date for filing claims; (c) transferred and assigned Claims as to which there is an objection to the transfer pending on the Confirmation Date; and (d) the holders of Claims that were transferred or assigned Claims as to which no evidence of the transfer and assignment has been filed in accordance with Federal Rule

---

[1] Capitalized terms not otherwise defined in this order shall have the meanings ascribed to them in the Motion.

2

of Bankruptcy Procedure 3001 as of 4:30 p.m., Eastern Standard Time, on the Record Holder Date (collectively the "Non-Voting Creditors").

6. On or before March 6, 2015, the Debtor shall cause to be deposited in the United States mail, postage prepaid, a solicitation package (the "Solicitation Package") that shall include the following: (a) a copy of the Disclosure Statement as approved by the Court, with all exhibits, including the Plan; (b) a Ballot; and (c) a copy of this Order.

7. The Solicitation Package shall be mailed to: (a) the Office of the United States Trustee; (b) all known creditors who are not Non-Voting Creditors; and (c) any parties requesting notice pursuant to the applicable rules of procedure.

8. The Notice attached as Exhibit C to the Motion (the "Notice") is hereby approved. The Non-Voting Creditors shall receive a copy of the Notice attached as Exhibit C to the Motion in lieu of receiving a Solicitation Package. On or before March 6, 2015, the Debtor shall cause a copy of the Notice to be deposited in the United States mail, postage prepaid, to each of the Non-Voting Creditors.

9. All persons and entities entitled to vote on the Plan shall deliver their Ballots by mail, overnight courier, electronic mail, or facsimile so as to be received no later than **4:30 p.m., Eastern Standard Time, on April 10, 2015** (the "Voting Deadline") to Debtor's counsel (the "Balloting Agent") at:

> Murphy & King, Professional Corporation
> Attn: D. Ethan Jeffery, Esq.
> One Beacon Street, 21st Floor
> Boston, Massachusetts 02108
> Fax: (617) 423-0498
> Email: ejeffery@murphyking.com

Any Ballot received after such time shall not be counted other than as provided for in this Order.

10. For purposes of voting, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be one of the following:

   a. The amount set forth as a Claim in the Debtor's Schedules that is <u>not</u> listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

   b. The amount set forth on a timely-filed, non-duplicative, proof of claim which has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan; or

   c. The amount estimated and temporarily allowed with respect to a Claim pursuant to an Order of this Court.

11. With respect to Ballots submitted by a holder of a Claim:

   a. Any Ballot that is properly completed, executed and timely returned to the Balloting Agent that does not indicate an acceptance or rejection of the Plan, shall be deemed to be a vote to accept the Plan;

   b. Any Ballot that is returned to the Balloting Agent indicating acceptance or rejection of the Plan but that is unsigned shall not be counted;

   c. Whenever a holder of a Claim casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the last timely Ballot received by the Balloting Agent shall be counted;

   d. If a holder of a Claim casts simultaneous duplicative ballots that are voted inconsistently, such Ballots shall count as one vote accepting the Plan;

   e. Each holder of more than one Claim in a particular Class shall be entitled to cast only one Ballot regardless of the number of timely-filed proofs of claim in such Class by such holder;

   f. Each holder of a Claim shall be deemed to have voted the full amount of its Claim or Claims in each particular Class;

   g. Each holder who holds a Claim or Claims in more than one Class shall be entitled to cast one Ballot per Class;

   h. Any Ballots that partially reject and partially accept the Plan shall be deemed a vote to accept the Plan in the full amount of such Claim;

   i. A Ballot cast by a holder of a Claim that is subject to a pending objection on the Voting Deadline shall not be counted;

    j.    Any Ballot that is returned to the Balloting Agent indicating a vote for acceptance or rejection of the Plan and is signed, but fails to provide a complete mailing address, shall be counted if the Balloting Agent can reasonably determine the identity of the holder of the Claim by reference to the Creditor Matrix, Schedules, or otherwise; and

    k.    Any Ballot received by the Balloting Agent by telecopier, facsimile or other electronic communication, including by email in portable document format ("pdf") or other similar format, shall not be counted.

12.    The hearing to consider confirmation of the Plan is scheduled for **April 17, 2015, at 9:30 a.m.**, Eastern Standard Time, at the United States Bankruptcy Court, District of Massachusetts, District Courthouse, Assembly of Delegates Room, 3195 Main Street, Route 6A, Barnstable, MA 02630. This hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s).

13.    Any objection to confirmation of the Plan must be filed with the Clerk of the Bankruptcy Court, United States Bankruptcy Court, 5 Post Office Square, Boston, Massachusetts, 02109, together with proof of service, no later than **4:30 p.m., Eastern Standard Time, on or before April 10, 2015**, and must be served upon: (i) counsel to the Debtor, Murphy & King, Professional Corporation, One Beacon Street, 21st Floor, Boston, Massachusetts, 02108 (Attn: D. Ethan Jeffery, Esq.); and (ii) the Office of the United States Trustee for the District of Massachusetts, 5 Post Office Square, Suite 1000, Boston, Massachusetts, 02109 (Attn: Jennifer Hertz, Esq.). Any objection to confirmation of the Plan must also (a) be in writing, (b) state the name and address of the objecting party, (c) comply with the Federal Rules of Bankruptcy Procedure and the Massachusetts Local Bankruptcy Rules, and (d) state the amount of the objector's claim or the nature of its interest, and the nature of the objection or modification sought and the legal basis therefore.

14. Any confirmation objection not filed and served as set forth in this order shall be deemed waived and shall not be considered by the court.

_____
The Honorable William C. Hillman
United States Bankruptcy Judge

Dated: March 2, 2015