UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

Herring Creek Acquisition Co., LLC

CHAPTER 11
CASE NO. 14-15309 WCH

OBJECTION TO DEBTOR'S CHAPTER 11 PLAN

Now Comes Santander Bank, N.A. ("Santander") and files its objection to confirmation of the Debtor's Chapter 11 Plan. In support of its objection, Santander states as follows:

BACKGROUND INFORMATION

1. Santander is the holder of the first mortgages on three parcels of land with buildings thereon which are property of the Chapter 11 estate. Those properties are identified as 15, 27 and 31 Butler's Cove Road, Edgartown, MA.

2. Proof of Claim #2: Santander holds the note and the first mortgage on 27 Butler's Cove Road by virtue of an October 13, 2003 obligation by Robert D. Hughes individually and as manager of Herring Creek Acquisition Company, LLC in the original amount of $1,650,000.00 to Santander's predecessor entity Compass Bank For Saving. The original address was 19 Butler's Cove Road but upon information and belief, the present address is 27 Butler's Cove Road. The proof of claim evidences a total debt of $1,463,838.61 and arrearages of $76,527.61. The property is further identified as Lots 109 and 110 on Plan 13419-15. Lot 109 is identified by the debtor in the proposed plan as the **COVE HOUSE** and is subject to the proposed sale referenced therein. Lot 110 is not part of the sale. The debtor lists the value of Lot 109 at $14,500,000.00.

In Re: Herring Creek Acquisition Co., LLC
Case No. 14-15309-WCH
CHAPTER 11

3. Proof of Claim #1: Santander holds the note and the first mortgage on Lot 111 Herring Creek Farm Lane by virtue of an April 8, 2003 obligation by Robert D. Hughes individually and as manager, in the original sum of $650,000.00 to Santander's predecessor entity Compass Bank For Saving. The present address is believed to be <u>31 Butler's Cove Road</u>. Santander's proof of claim evidences a total debt of $469,555.60 and arrearages of $24,817.28. This property is identified by the debtor in the proposed plan as the **SANDERLING**. It is not part of the proposed sale. Debtor values this lot at $4,000,000.00.

4. Proof of Claim #3: Santander holds the note and the note and the first mortgage on 15 Butler's Cove Road by virtue of a December 31, 2004 obligation by Robert D. Hughes individually and as manager of Herring Creek Acquisition Company, *Inc*. in the original sum of $1,275,000.00 to Santander's predecessor entity Sovereign Bank. This property is further identified as Lots 71 and 103 on Plan 13419-15 and further, reconfigured into Lot 129 and 130 on Plan 13419-23. Santander's proof of claim evidences a total debt of $999,606.69 with arrearages of $50,522.36. The debtor identifies the new lot 129 as the **FARM** and lists a value of $3,500,000. This property is part of the proposed sale. Lot 130 is referred to as the **FLAG POLE HOUSE** and is not part of the sale.

5. The proposed plan is to be funded primarily by the sale of Cove House and the Farm, to be sold in two separate transactions. Counsel to the debtor has confirmed that Claim 2 will be paid in full at the sale of the Cove House lot and Claim 3 will be paid in full at the

In Re: Herring Creek Acquisition Co., LLC
Case No. 14-15309-WCH
CHAPTER 11

sale of the Farm Lot.

## SPECIFIC OBJECTIONS TO THE PLAN

6. The treatment for the Santander claims is set out in Section 4.5 as Class 5. Santander objects to being classified as an "unimpaired" claimant and states that it is an impaired claimant which has the right to object to the proposed plan. The claims are impaired pursuant to §1124 (1) because the plan attempts to alter Santander's contractual, legal and equitable rights.

   a. The Sanderling Claim (Section 4.5 (c)(iii) of the defined treatment under the Plan) states "*In full and complete satisfaction, settlement, discharge and release of the Santander Sanderling Claim, as soon as practicable following the Effective Date the holder of the Santander Sanderling claim shall receive, at the election of the Reorganized Debtor, one of the following: (1) Cash in the amount of the Santander Sanderling Claim; (2) the treatment specified in Section 1124 (2) through (E) of the Bankruptcy Code; or (3) treatment as agreed between the Debtor and the holder of the Santander Sanderling Claim:*" The claimant is entitled to either contractual reinstatement or payoff as of confirmation and the further problem is that the "effective date" is an indefinite reference since the effective date is not presently known or capable of being known.

   b. Creditors cannot determine whether there is a reasonable expectation, within a reasonable period of time, that the sale of the properties (which is providing

the basis for funding of the plan) will actually occur. The effective date of the plan is defined as the "*first Business Day after all conditions precedent to the effectiveness of the Plan set forth in Section 10.1 have been satisfied or waived by the Debtor.*" When reference is made to Section 10.1 that states the conditions precedent to the occurrence of the Effective Date are *the (a) Confirmation Order not subject to a stay, (b) the sale of Cove House and (c)* "all actions, other documents and agreements necessary to implement the Plan shall have been executed, delivered and, if necessary, properly recorded and shall have become effective." A creditor cannot reasonably determine when the effective date will occur, if at all, under the above definition. Further, the Purchase and Sale Agreement, made part of the Plan, is contingent upon completion of numerous permits, easements, subdivision plans, etc., all of which puts the burden on creditors to wait what could be an unreasonably long period of time to see if the sales occur. There is no date for the sale of the Cove House or the Farm Lot and condition (c) is too vague and all encompassing. Creditors are entitled to a reasonable expectation that the sale of the properties will occur within a reasonable period of time after confirmation.

c. Santander objects to Article V, Section 5.2(b) to any extent it requires Santander to provide within 5 business days of the effective date, discharges of its mortgages, easement subordinations or other documents to effectuate the

4

In Re: Herring Creek Acquisition Co., LLC
Case No. 14-15309-WCH
CHAPTER 11

sale of either lot.  Discharges of any mortgages will be provided when payoff funds are received.

WHEREFORE, Santander Bank, N.A. respectfully requests that the Court deny confirmation of the debtors' Chapter 11 Plan or for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Deirdre J. Keady
Deirdre J. Keady, Esquire
BBO# 359020
Harmon Law Offices, P.C.
P.O. Box 610389
Newton, MA 02461-0345
(617) 558-0500
617-243-4049 (fax)
rvernon@harmonlaw.com

Dated: April 9, 2015

DJK//201412-0808/Acquisition Co, Herring

CERTIFICATE OF SERVICE

I, Deirdre J. Keady, Esquire, state that on April   9   , 2015, I electronically filed the foregoing document on behalf of Santander Bank, N.A. with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System.  I served the foregoing document on the following CM/ECF participants:

Jennifer L. Hertz, Esquire for Assistant U.S. Trustee

John C. Elstad, Esquire for Debtor
Donald Ethan Jeffery, Esquire for Debtor
Michael K. O'Neil, Esquire for Debtor
Armando Batastini, Esquire for New England Phoenix Co., Inc.
Lee Harrington, Esquire for New England Phoenix Co., Inc.

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

                                                /s/ Deirdre J. Keady
                                                Deirdre J. Keady, Esquire
                                                BBO#359020

Tea Lane Real Estate
d/b/a Tea Lane Associates
Post Office Box 30
Chilmark, MA 02535

Eric L. Peters
Eric L. Peters Law Office
Vineyard Haven
Edgartown, MA 02568

Herring Creek Acquisitions Co., LLC
120 E. de la Guerra Street
Santa Barbara, CA 93101

6