**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| **In re:** <br><br> **HERRING CREEK ACQUISITION COMPANY, LLC,** <br><br> **Debtor.** | **Chapter 11** <br><br> **Case No. 14-15309-WCH** |

**REPORT OF PLAN VOTING WITH RESPECT TO PLAN OF**
**REORGANIZATION OF HERRING CREEK ACQUISITION COMPANY, LLC**

Herring Creek Acquisition Company, LLC (the "Debtor"), the debtor and debtor-in-possession, submits this report of voting on the *Plan of Reorganization of Herring Creek Acquisition Company, LLC* (the "Plan") [doc. no. 26]. As is described below, except for Class 5, all of the classes of claims under the Plan have either voted to accept the plan or are unimpaired. The Debtor asserts that Class 5, which consists of the secured claims of Santander Bank, NA ("Santander"), is unimpaired and is therefore deemed to have accepted the Plan. Santander has objected to the Plan and asserts, among other things, that its claims are impaired. In support of this report, the Debtor avers as follows:

1.  On March 2, 2015, the Court entered an order (the "Disclosure Statement Order") [docket no. 68] approving the disclosure statement associated with the Plan. Among other things, the Disclosure Statement Order established April 10, 2015 (the "Voting Deadline") as the deadline for the submission of ballots with respect to the Plan.

2.  The Debtor's solicitation of votes with respect to the Plan complied with the Disclosure Statement Order.

3.  A chart detailing the ballots (collectively the "Ballots") received by the Debtor is attached as Exhibit A.

4. All of the ballots received by the Debtor were received on or prior to the Voting Deadline and in accordance with the conditions set forth in the Disclosure Statement Order. No ballots submitted by insiders, as that term is defined in the Bankruptcy Code, were considered for purposes of determining the outcome of the vote on the Plan.

5. Based on the Ballots, the classes of claims and equity interests under the Plan have voted as follows:

    a. **Class 1**: Anderson Secured Claim

    **Result:** One (1) ballot accepting the Plan was timely submitted by the holder of the Class 1 claim. One hundred percent (100%) in amount and number of the Class 1 claims voting accepted the Plan. Accordingly, Class 1 has accepted the Plan.

    b. **Class 2**: Beckers Secured Claim

    **Result:** One (1) ballot accepting the Plan was timely submitted by the holder of the Class 2 claim. One hundred percent (100%) in amount and number of the Class 2 claims voting accepted the Plan. Accordingly, Class 2 has accepted the Plan.

    c. **Class 3**: NEPCO Secured Claim

    **Result:** Class 3 is unimpaired under the Plan and is therefore deemed to have accepted the Plan. *See* 11 U.S.C. 1126(f). The holder of the Class 3 claim has, nevertheless, objected to confirmation of the Plan.

    d. **Class 4**: Owen Secured Claim

    **Result:** Class 4 is unimpaired under the Plan and is therefore deemed to have accepted the Plan. *See* 11 U.S.C. 1126(f). The holder of the Class 4 claim has not objected to confirmation of the Plan.

    e. **Class 5**: Santander Secured Claims

    **Result:** Class 5 is unimpaired under the Plan and is therefore deemed to have accepted the Plan. *See* 11 U.S.C. 1126(f). The holder of the Class 5 claims has objected to confirmation of the Plan, contesting, among other things, that its claims are unimpaired. The holder of the Class 5 claims timely submitted three (3) ballots rejecting the Plan. In the event that it is determined that Class 5 is impaired under the Plan, Class 5 will have rejected the Plan.

f.  **Class 6**: Herring Creek Landowners Association Claim

   **Result:** Class 6 is unimpaired under the Plan and is therefore deemed to have accepted the Plan. *See* 11 U.S.C. 1126(f). The holder of the Class 6 claim has not objected to confirmation of the Plan.

g.  **Class 7**: General Unsecured Claims

   **Result:** Two (2) non-insider ballots, both accepting the Plan, were timely submitted from among the holders of Class 7 claims. One hundred percent (100%) in amount and number of the Class 7 claims voting accepted the Plan. Accordingly, Class 7 has accepted the Plan. *See* 11 U.S.C. § 1126, 1129(a)(10).

h.  **Class 8**: Equity Interests

   **Result:** One (1) ballot accepting the Plan was timely submitted by the holders of any Class 8 interests. Because the ballot was submitted by an Insider (as that term is defined under the Bankruptcy Code), it was not counted, and, accordingly no votes were received nor were any objections filed by the holders of the Class 8 interests. Accordingly, Class 8 is deemed to have accepted the Plan. *See In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1266-67 (10th Cir. 1988) (nonvoting, non-objecting judgment lien creditor who was only member of class deemed to have accepted plan of reorganization without further showing that plan did not discriminate unfairly or that plan was fair and equitable); *see also In re Adelphia Communications Corp.*, 368 B.R. 140, 260-62 (Bankr. S.D.N.Y. 2007) (same).

        Respectfully submitted,

        HERRING CREEK ACQUISITION COMPANY, LLC,
        By its attorneys,

        /s/ *D. Ethan Jeffery*
        D. Ethan Jeffery (BBO No. 631941)
        MURPHY & KING, P.C.
        One Beacon Street
        Boston, Massachusetts 02108
        Telephone: (617) 423-0400
        E-mail: EJeffery@murphyking.com

Dated: April 15, 2015

687328